UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERYL ANN AMICO,   Case No. 12-13509

    Plaintiff,   District Judge Bernard A. Friedman

v.   Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a Social Security Disability case. On August 9, 2012, Plaintiff Sheryl Ann Amico filed a complaint, through counsel, pursuant to 42 U.S.C. § 405(g), challenging a final decision of the Commissioner denying benefits under the Social Security Act. The case has been referred for all proceedings, including preparation of a Report and Recommendation on dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).

On December 3, 2012, Plaintiff's counsel filed a motion to withdraw [Doc. #9], to which was attached Ms. Amico's written statement requesting not only that her attorney be permitted to withdraw, but that the case be dismissed. Ms. Amico's letter states, in pertinent part:

> "After being fully advised of my rights and understanding same, I have instructed Ms. Kwitoski to withdraw as my attorney of record and also withdraw the complaint presently pending before the Federal Court. I understand by doing so the decision of the Administrative Law Judge issued in my previous Social Security case on appeal to this Court will become final."

I recommend that Ms. Amico's complaint be DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 41(a)(2).

## DISCUSSION

Fed.R.Civ.P. 41(a) establishes the procedure for the voluntary dismissal of actions in federal court. Under Rule 41(a)(1), a plaintiff may dismiss an action without a court order by either filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared. Where an answer has been filed, and where no stipulation of dismissal has been obtained, Rule 41(a)(2) provides as follows:

> (2) **By Court Order; Effect.** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The decision to grant or deny a motion under Rule 41(a)(2) rests in the sound discretion of the trial court. *Grover by Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir.1994). "When exercising its discretion, the district court asks and answers three questions: (1) whether the dismissal is appropriate; (2) if yes, whether the dismissal should be with or without prejudice; and (3) whether any terms or conditions should accompany the dismissal." *Tapco Intern. Corp. v. Dinesol Bldg. Products*, Ltd., 2007 WL 2710115, *2 (E.D.Mich. 2007), citing *Burnette v. Godshall,* 828 F.Supp. 1433, 1439 (N.D.Cal.1993), *aff'd,* 72 F.3d 766 (9th Cir.1995).

Because the Commissioner has filed an answer to the complaint, Rule 41(a)(2) is applicable. Ms. Amico's written statement shows that she is fully aware of her right to proceed in this matter, either through counsel of her choice or *pro se*, and she is fully aware of the consequences of dismissal, i.e., the Commissioner's decision to deny benefits will become final. Therefore dismissal with prejudice is appropriate and consistent with Ms.

Amico's request. No additional terms or conditions are necessary.

## CONCLUSION

I therefore recommend that Ms. Amico's complaint be DISMISSED WITH PREJUDICE, pursuant to Fed. R. Civ. P. 41(a)(2).

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1 (d)(2). Failure to file specific objections constitutes a waiver of any further right to appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct.46, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local* 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1 (d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response should not be more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**s/ R. Steven Whalen**
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: January 4, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 4, 2013.

                                                s/Johnetta M. Curry-Williams
                                                Case Manager